IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-1656

**TOM ZORDANI,**
    **Plaintiff,**

vs.

**HEARTLAND PAYMENT SYSTEMS, LLC,**
    **Defendant.**

---

### ORIGINAL COMPLAINT

---

COMES NOW Plaintiff Tom Zordani ("Plaintiff"), by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Heartland Payment Systems, LLC ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for all hours worked in excess of forty (40) hours per week.

2.    Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. The witnesses to the wage violations herein reside in this District.

7. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.     THE PARTIES

8. Plaintiff is a resident and citizen of Denver County.

9. Defendant is a foreign limited liability company, registered to do business in Colorado.

10. Defendant's registered agent for service is C T Corporation System, at 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

11. Defendant maintains a website at https://www.heartlandpaymentsystems.com/.

## IV.   FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

14. Defendant's primary business includes providing payroll services to other companies.

15. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

16. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

17. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

18. Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

19. Specifically, Plaintiff was employed by Defendant as a payroll division manager from July of 2018 until February of 2020, and as a territory manager from February of 2020 to the present.

20. Defendant paid Plaintiff a salary while Plaintiff worked as a payroll division manager.

21. Defendant paid Plaintiff commission when he worked as a territory manager.

22. Plaintiff's commissions were not always sufficient to meet the minimum wage requirement for all hours worked.

23. For example, in February of 2020, Plaintiff worked at least forty hours each week, but he made less than $1,000.00 for the entire month.

24. At all relevant times herein, Defendant directly hired Plaintiff to work in its offices, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

25. Plaintiff regularly worked in excess of forty (40) hours per week throughout his tenure with Defendant.

26. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

27. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA.

### V.    FIRST CLAIM FOR RELIEF—Violation of the FLSA

28. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

29. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty

(40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

30. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

31. Defendant failed to pay Plaintiff one and one-half (1.5) times his regular rate for all hours worked over forty each week.

32. Defendant's conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

33. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

34. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.   SECOND CLAIM FOR RELIEF—Violations of CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, C.C.R. § 1103-1)

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiff regularly worked more than forty (40) hours per workweek.

38. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

39. Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

40. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

41. Because Defendant willfully violated the CWA and CMWO, a three (3) year statute of limitations shall apply to such violations.

42. As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tom Zordani respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B. A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

E. A declaratory judgment that Defendant's practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TOM ZORDANI**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com